﻿Citation Nr: AXXXXXXXX
Decision Date: 02/27/20 Archive Date: 02/27/20

DOCKET NO. 181113-854
DATE: February 27, 2020

REMANDED

Entitlement to service connection for a left knee condition is remanded.

Entitlement to service connection for a right knee condition is remanded.

Entitlement to service connection for sinus headaches is remanded.

REASONS FOR REMAND

The Veteran served on active duty for training (ACDUTRA) in the United States Army Reserves from May to October 1981 and, overall, had approximately 21 years of reserve service from April 1981 until December 2002.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program. This decision has been written consistent with the new AMA framework. The Veteran selected the Higher-Level Review lane when submitting her RAMP election form on June 1, 2018. Accordingly, the August 2018 RAMP higher level rating decision considered the evidence of record as of the date VA had received the RAMP election form. The Veteran timely appealed that RAMP rating decision to the Board and requested the “hearing lane” (hearing with evidence submission allowed within 90 days of the hearing). 

The Veteran had her hearing July 2019 before the undersigned Veterans Law Judge. A transcript of the proceeding is of record. The Veteran also submitted additional evidence immediately after her hearing (that same day, through her representative), so within the allotted 90 days – which, in turn, usually would dictate the Board going ahead and deciding her claims. But there were pre-decisional, duty to assist errors that need correcting before deciding her appeal of these claims.

These claims of entitlement to service connection for left and right knee conditions and for sinus headaches were previously considered and denied in a January 2013 rating decision that became final and binding. In a February 2014 rating decision, however, the agency of original jurisdiction (AOJ), i.e., regional office (RO) found that new and material evidence had been submitted under the prior evidentiary standard to reopen these claims. The August 2018 RAMP decision thus proceeded to address these claims on their underlying merits (so accepting there was new and relevant evidence even under the new standard), and the Board therefore is bound by this favorable finding. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07. As such, the Board need not first determine whether these claims should be reopened. 

1. Entitlement to service connection for a left knee condition is remanded.

2. Entitlement to service connection for a right knee condition is remanded.

3. Entitlement to service connection for sinus headaches is remanded.

The Veteran claims that her left and right knee conditions and sinus headaches are related to her ACDUTRA or started during that service. 

The Veteran’s claims file seemingly does not contain all of the potentially relevant records concerning her many years of service in the reserves. This is important because the dates of her service will assist VA in determining whether she was on ACDUTRA or inactive duty training (INACDUTRA) during the times claimed.

Active military service includes any period of ACDUTRA during which the individual concerned was disabled or died from a disease or injury incurred in or aggravated in the line of duty, or any period of INACDUTRA during which the individual concerned was disabled or died from injury, though not also disease, incurred in or aggravated in the line of duty. 38 U.S.C. § 101(21) and (24); 38 C.F.R. § 3.6(a) and (d). It follows that service connection may be granted for disability resulting from disease or injury incurred or aggravated while performing ACDUTRA, or from injury incurred or aggravated while performing INACDUTRA. 38 U.S.C. §§ 101(24), 106.

ACDUTRA is, among other things, full-time duty in the Armed Forces performed by Reserves for training purposes or by members of the National Guard of any state. 38 U.S.C. § 101(22); 38 C.F.R. § 3.6(c)(1). INACDUTRA is part-time duty in the Armed Forces performed by Reserves for training purposes or by members of the National Guard of any state. 38 U.S.C. § 101(22); 38 C.F.R. § 3.6(c)(1). Active service also includes authorized travel to or from such duty or service. 38 U.S.C. § 106(d); 38 C.F.R. § 3.6(e).

It therefore is necessary to clarify the exact dates of the Veteran’s service, especially since the August 2018 RAMP rating decision that she appealed listed her dates of service as only from June 18, 1981 to October 15, 1981.

Also, the day of her July 2019 hearing, the Veteran submitted a June 2019 statement from T. S., M.D., affirming the Veteran was previously treated for sinus problems and is currently being treated for bronchitis by this doctor. However, Dr. T. S. did not comment on the origins of the Veteran’s sinus problems – including especially in terms of whether they started during her time in service or are the result of her service, including her ACDUTRA.

Additionally, in June 2014, so several years earlier, the Veteran submitted supporting nexus statements from her private physicians regarding the etiology of her bilateral (left and right) knee condition and sinus headaches. The physicians opined that her disabilities began while on ACDUTRA, but the Board does not find their nexus opinions persuasive because they lack adequate rationale. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302-04 (2008). In Neives-Rodriguez, the Court held that most of the probative value of an opinion comes from the discussion of its underlying reasoning or rationale, so a medical opinion should contain a conclusion and a reference to supporting data with a "reasoned medical explanation connecting the two." Neives-Rodriguez, at 301.

Although the proffered opinions are inadequate to support an allowance of the claims, they are sufficient to trigger the need for VA examinations and opinions. See, e.g., McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006) (holding, in part, that an examination may be required under the provisions of 38 C.F.R. § 3.159(c)(4) if the record on appeal contains medical evidence suggesting a nexus but is too equivocal or lacking in specificity to support a decision on the merits). 

Accordingly, these claims are REMANDED for the following actions:

1. Obtain the Veteran’s complete service personnel and treatment records, including all documents pertaining to the entirety of her service in the Army Reserves. Verify all active duty, ACDUTRA and INACDUTRA dates. If necessary, a request should be made to the Defense Finance and Accounting Service (DFAS). Document all requests for information as well as all responses in the claims file.

2. Then, only after the above development has been completed to the extent possible, provide the Veteran VA examination to determine the nature and etiologies of her claimed left and right knee disabilities and sinus headaches. After reviewing the claims file, including a complete copy of this remand, the examiner is asked to answer the following specific questions:

(a.) Please identify the likely etiology for each left and/or right knee disability diagnosed. Specifically, is it at least as likely as not (a 50% or greater probability) the disability began during the Veteran’s service or is otherwise related to any disease or injury during her service, including during any verified period of ACDUTRA or an injury (but not also disease) during any verified period of INACDUTRA?

(b.) Please also identify the likely etiology for any sinus condition diagnosed. Specifically, is it at least as likely as not (a 50% or greater probability) that it began during or is otherwise related to any verified period of ACDUTRA?

 

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board P. Poindexter

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.